UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY PAUL MARCUM                                                                         PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:22-CV-695-KHJ-MTP

LAUGHTERDALE COUNTY SHERIFF'S
OFFICE and DYLAN ANDERSON                                                              DEFENDANTS

ORDER

This matter is before the Court sua sponte for consideration of dismissal. The Court has considered and liberally construed the pleadings. It dismisses this case for the following reasons.

I.   Background

Pro se Plaintiff Jeffery Paul Marcum is a pretrial detainee at the Lauderdale County Detention Facility in Meridian, Mississippi. Defendants are the Lauderdale[1] County Sheriff's Office and Dylan Anderson, who is a Sheriff's Department investigator and Marcum's arresting officer. [13] at 1.

On August 27, 2022, Marcum claims Anderson came to his housing zone in the jail and shouted out, in front of the other detainees, that Marcum was charged with rape. *Id.*; [1] at 4. As a result, "[s]ome young inmate[s] . . . started threatening [his] life." [13] at 1. Marcum was placed in protective custody the next day, where

---

[1] Marcum named Lauderdale County Sheriff's Office as "Laughterdale County Sheriff Office." [1] at 1.

he stayed for 70 days. *Id.*; [1] at 4.

On December 2, 2022, Marcum filed this action under § 1983 alleging deliberate indifference and challenging the conditions of his confinement. He is "open" to whatever relief can be provided. [1] at 4.

II.     Analysis

The Prison Litigation Reform Act ("PLRA") of 1996 applies to prisoners proceeding *in forma pauperis* in this court. *See* 28 U.S.C. § 1915 et seq. It provides, in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted). "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*

The Court has permitted Marcum to proceed *in forma pauperis*. Accordingly, his Complaint is subject to sua sponte dismissal under § 1915.

To the extent that Marcum seeks damages, he must prove a resulting physical injury on his claim. 42 U.S.C. § 1997e(e); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). He does not allege any physical injury from the alleged threat. Thus, he fails to state a claim for damages. *See Jones*, 188 F.3d at 326 (finding claim for damages barred for failure to allege physical injury).

To the extent that Marcum seeks injunctive relief, the claim likewise fails. "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quoting *Friends of Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 180–81 (2000)). The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Id.* It also "must be certainly impending," and "[a]llegations of possible future injury" are not enough to allege standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis omitted).

Marcum admits he was put into protective custody upon his request. He does not allege any physical injury, attempted injury, or additional threats have occurred since he allegedly received the threat over eight months ago. He therefore does not demonstrate that he is under a threat of injury in fact based on the August 27 incident. Accordingly, he lacks standing to pursue his injunctive claim.

III.   Conclusion

For the reasons stated, the Court DISMISSES this case WITH PREJUDICE. The Court will issue a separate Final Judgment consistent with this Order.

SO ORDERED, this the 11th day of May, 2023.

                                            s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE